UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NARRAGANSETT PIER RAILROAD COMPANY, INC., : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> TOWN OF NARRAGANSETT, et al. : <br>     Defendants. : <br> _____: | C.A. No. 24-94MSM |

**ORDER**

PATRICIA A. SULLIVAN, United States Magistrate Judge.

Now pending before the Court is the motion of Plaintiff Narragansett Pier Railroad Co., Inc. ("NPRR") to compel documents and interrogatory answers. ECF No. 18. NPRR claims that it is the successor by reason of a 1953 quitclaim deed from a railroad operating company that conveyed to it fee simple title to more than fifty parcels of land covering the path of railroad tracks previously located in Defendant Town of Narragansett ("Narragansett"). NPRR claims that in 2017 and at other unspecified times, Narragansett either assumed ownership over some parcels itself or caused some parcels to be merged with the private property of adjacent owners or conveyed parcels to other third parties, all without pursuing the takings process mandated by the United States and Rhode Island constitutions and without paying just compensation to NPRR. Narragansett emphatically denies that it wrongfully took or facilitated a taking by any third party as to the parcels in issue. As affirmative defenses, Narragansett alleges abandonment, waiver, unclean hands, statute of limitations and failure to join indispensable parties.

The discovery in issue is focused on the fifty-plus parcels claimed by NPRR. Specifically, the motion asks the Court to order responses to two interrogatories and one document request that would require Narragansett to calculate the local taxes collected from

third parties on these parcels that were assessed and taxed in 2023 (Interrogatory 17); to calculate the local taxes collected from third parties on these parcels at any time since a "Revision," the date of which (as far as the Court can ascertain) is not clearly defined[1] (Interrogatory 18); and to produce every document reflecting a change in the tax assessment of the parcels impacting third parties since the not-clearly-defined time of the "Revision" (Document Request 17).  NPRR alleges that this information is relevant because its parcels were and continue to be exempt from any local taxation,[2] but that, as to its parcels that wrongfully ended up (due to the actions of Narragansett) merged into the land owned by adjacent owners or occupied by third parties, Narragansett has benefited and/or been unjustly enriched because it has been able to assess taxes.  Narragansett counters that NPRR cannot recover a tax paid not by it, but by a third party, so that this tax information is totally irrelevant to the claims and defenses in the case.  Narragansett also argues that the discovery requested is hopelessly disproportional and burdensome in that it would require Narragansett to procure an expert analysis of public tax information, including to perform assessment of ownership and an allocation of taxes assessed and collected for merged properties.

      NPRR's opposition to Narragansett's relevancy argument relies on <u>Ward v. Bd. of Cnty. Comm'rs of Love Cnty., Okl.</u>, 253 U.S. 17, 18-20 (1920), which does not advance its cause in that <u>Ward</u> was brought by tribe members who had <u>paid taxes wrongly assessed</u> on their land that had been designated as nontaxable.  Thus, at best, the information covered by this discovery is marginally relevant to NPRR's theory in Count III of the Amended Complaint that, without

---

[1] The Court can speculate that "Revision" pertains to the allegation in the Amended Complaint that the merger of many parcels occurred due to an amendment to tax maps "[o]n or about December 31, 2017," ECF No. 13 at 3.  I decline to engage in such speculation where Narragansett denies this allegation, as well as because it is far more clear that this allegation is intended as the "Revision."  Narragansett asserts persuasively that the "Revision" date is so vague that the discovery in issue would require analysis of seventy years of local tax records.

[2] The Amended Complaint does not allege that NPRR was and is exempt from any local taxes, but NPRR's brief in support of its motion makes that assertion.  ECF No. 18 at 3.

2

regard to NPRR's legal entitlement to restitution of money it did not pay (a proposition that <u>Ward</u> does not support), it somehow would be inequitable for Narragansett to keep taxes paid by third parties (which are not joined in the case) who benefited from occupancy of the land after the allegedly wrongful merger or conveyance and who paid taxes on that land (which presumably were used for community services on behalf of the Town over a period of many years).

      At bottom, whether the information sought is totally irrelevant or just marginally relevant is less important than the disproportionality of the burden imposed on Narragansett to perform what amounts to expert calculations and to identify the documents that NPRR considers to be responsive.  Thus, if relevancy is assumed, Narraganset may rely on Fed. R. Civ. P. 33(d) for its interrogatory responses, as long as it affords NPRR access to the publicly available documents from which the interrogatory calculation can be derived, and on Fed R. Civ. P. 34(b)(2)(B) (with the response that inspection and copying will be permitted), as long as it affords NPRR access to the publicly available documents among which those that NPRR concludes are responsive may be located.  (The Court notes that Narragansett represents it has already afforded NPRR with such access.)  Based on the foregoing, without resolving (one way or the other) whether the information and documents sought are relevant at all, the motion to compel is granted to the limited extent that Narragansett shall respond by designating the repository of publicly available material (and afford access to it for inspection and copying) from which the answers and responsive documents may be derived.  Within thirty days hereof, Narragansett must accomplish this by the issuance of supplemental interrogatory answers/document responses, which may continue to assert the relevancy and proportionality objections that the Court has not overruled.

In conclusion, NPRR's motion to compel (ECF No. 18) is granted in limited part and otherwise is denied.[3]

So Ordered.

/s/ Patricia A. Sullivan
PATRICIA A. SULLIVAN
United States Magistrate Judge
September 15, 2025

---

[3] To the extent that this Order leads to any confusion, the parties are directed to ask for an informal discovery dispute conference with this judicial officer.